UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

COURT FILE NO.: 5:10CV-101-R

| | |
|---|---|
| Kent Kimberlin,<br><br>             Plaintiff,<br>v.<br><br>Commercial Recovery Systems,<br><br>             Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Kent Kimberlin is a natural person who resides in the City of Gilbertsville, County of Marshall, State of Kentucky and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems is a collection agency operating from an address of 8035 East R.L. Thorton, Suite 220, Dallas, Texas 75228 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an account with Beneficial, account ending in 5516.

7. On or about April 24, 2009, with the Seideman Law Firm acting as its agent, Plaintiff reached an agreement with Beneficial to settle the debt for $1,354.16. Under the terms of this agreement, the $1,354.16 had to be paid by April 30, 2009.

8. On or about April 29, 2009, check number 52812 was issued and sent via UPS overnight delivery to Beneficial.

9. On or about May 5, 2009, check number 52812 cleared and was deposited a bank account owned by Beneficial.

10. On or about June 2, 2009, Defendant forwarded a letter to Plaintiff alleging amounts due on the account.

11. The above-described collection communication made to Plaintiff by Defendant and other collection employees employed by Defendant was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692c(5).

12. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of

Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to these Plaintiffs.

13. Defendant's illegal abusive collection communication as more fully described above was the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain.

14. Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

15. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

18. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up

to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 28, 2010

**THORNSBERRY LAW OFFICE, PLLC**

By:  /s/ Ronald E. Thornsberry
Ronald E. Thornsberry
2220 Executive Drive, Suite 102
Lexington, KY 40505
Telephone:  (859) 294-0060
Facsimile: (859) 294-4503
ron@thornsberrylaw.com